Testatrix provided for payment of her debts and funeral expenses, and made bequests greatly exceeding her personal estate. The will provided for the sale of her realty, and the bequests were to be increased or diminished according to the amount of the proceeds. There was no residuary clause or other disposition of the personalty. *Held*, that there was no intestacy as to the personalty, since it is the primary fund for payment of legacies.

Proceedings on the final judicial settlement of the accounts of Elizabeth McKay, executrix, and Peter McKay, executor, of the will of Bridget Neely, deceased.

Horace E. Doherty, for executors.

John Vincent, special guardian.

FITZGERALD, S. Upon the settlement of the decree, on the judicial settlement of the accounts herein, a construction of the will is sought. The pertinent provisions of the will are as follows: The first clause reads: "After all my lawful debts and funeral expenses are paid, I give and bequeath to my son John Neely the sum of $1,000. * * *" Then follow several bequests of specific sums of money, aggregating $16,500. The ninth clause of the will reads as follows:

"I hereby authorize and empower my said executrix and executor hereinafter named to sell, as soon as they or the survivor of them deem it practicable, the lot of land, with the buildings thereon erected, known as No. 218 East Fifty-Ninth street, in the city of New York, and divide the proceeds as hereinbefore provided; and, if the amount realized on the sale of said lot of land and buildings thereon should not aggregate the total of the bequests herein mentioned, then each bequest shall be diminished by a proportionate amount as shown by said sale. And if said sale of said lot and buildings thereon should realize a greater sum than the aggregate of the bequests herein mentioned, then each bequest shall be increased by such an amount proportionately as to include the amount realized, except the bequests made to Sister Martina and Sister Antoninius, and the respective sums to be donated to the different convents they may be in at the time of their death."

The special guardian claims that the testatrix disposed only of the proceeds of the sale of the real estate, but that as to her other property she died intestate. He also claims that by the provision for the payment of legacies "after all my lawful debts and funeral expenses are paid," and by the provision for the diminution of the amount of legacies, if the sum realized from the sale of the estate should not be sufficient to pay the amount specified, that she intended all the debts and funeral expenses to be paid out of the proceeds of sale, and made the real estate the primary fund for their payment, and exonerated the personal estate therefrom. If the special guardian is successful in his contention, one of the infants whom he represents will receive about $300 more than she now receives, and five other next of kin will likewise share in the dis-

tribution of the personal estate. The account shows that the testatrix had in bank $1,856.24. The administration and funeral expenses amount to $1,083. The will was executed five days before the decease of the testatrix, a real-estate agent being the draftsman. The rule of construction is well settled. Although a legacy is charged upon lands devised, yet the personal estate of the testator is the primary fund for the payment thereof, unless a contrary intention is manifested in the will. Express words are not necessary to exempt the personal estate, but there must be in the will that which is sometimes denominated "evident demonstration," sometimes "plain intention," and "necessary implication," to operate that exemption. 3 Williams, Ex'rs (6th Am. Ed.) p. 1807, et seq. The principle which has the greatest influence on the determination of this question, which has been uniformly supported by all the cases, is that it is not enough for the testator to have charged his real estate with, or in any manner devoted it to, the payment of his debts and legacies. The rule of construction is such as aims at finding, not that the real estate is charged, but that the personal estate is discharged. In other words, it is not by an intention to charge the real, but by a plain intention to discharge the personal, estate that the question is to be decided. Id. p. 1810; Dodge v. Manning, 1 N. Y. 298; Kelsey v. Western, 2 N. Y. 500. Manifestly, no such demonstration, intention, or implication can be evoked from the provisions of this will. The chief purpose in the mind of the draftsman or the testatrix was to provide for the complete distribution of the proceeds of the real estate. It will be observed that there was no residuary clause. The testatrix must have been aware that the personal estate was glaringly insufficient to pay the legacies provided for in the will. In order to carry out her intentions, she provided for a proportionate increase in the legacies in case the realty, together with the surplus personal estate, should produce a sum in excess of that required to pay the same. This provision of the will serves its full purpose when it is limited to this. To extend its operations so as to change the ordinary rules of distribution, and exonerate the personal estate from the payment of legacies and debts, would broaden its meaning beyond the intention of the testatrix. The manner in which the allowances, etc., have been disposed of, will appear upon the bills presented. Decreed accordingly.