(160 App. Div. 482)

### DUCK et al. v. McGRATH et al.

(Supreme Court, Appellate Division, Second Department. February 6, 1914.)

1. GUARDIAN AND WARD (§ 182*)—GUARDIAN'S BOND—ACTION.

While the general rule is that, before suing at law against sureties on a special guardian's bond there must be an accounting before some court having jurisdiction, establishing the default of the principal and its extent, yet where the principal has misappropriated money, is hopelessly insolvent, and has absconded, so that such accounting is impracticable, equity, where all the parties are before the court, may determine the extent of such default and fix the liability of the sureties.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 423, 623–636, 638–652, 654–663; Dec. Dig. § 182.*]

2. WILLS (§ 847*)—REMEDIES OF CREDITORS—CONDITIONS PRECEDENT—DETERMINATION OR ACCRUAL OF LIABILITY.

Code Civ. Proc. § 1837, permits an action against the surviving wife of a decedent, and the next of kin of an intestate, or the next of kin or legatees of a testator, to recover, to the extent of the assets received by them, for a debt of the decedent upon which an action might be maintained against the executor or administrator. Section 1838 requires such action to be brought, either jointly against the surviving wife and all the legatees or next of kin, or at plaintiff's election, against one of them only; section 1839 provides that in a joint action the whole sum recoverable must be apportioned among the defendants. A complaint in an action on a bond on which decedent was surety showed that one defendant occupied the threefold relation of surviving wife, legatee, and devisee, and that such defendant, her daughter, and their trustee were all the legatees named in the will, that deceased owned only one piece of realty which was specifically devised to the widow, and that by will he disposed of his entire estate, so that nothing passed by intestacy. Held, that the action, being one which could have been maintained against decedent's executor, was a joint action in which the assets of the estate might be marshaled and the proportionate liability ascertained and adjudicated.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2159–2164; Dec. Dig. § 847.*]

3. WILLS (§ 847*)—REMEDIES OF CREDITOR—PARTIES—LEGATEE OF DECEASED SURETY.

Code Civ. Proc., after providing two forms of action against a debtor's next of kin, legatees, etc., one joint and the other several, provides by section 1841 that in an action against legatees the complaint must show that no assets were delivered by the executor or administrator to the surviving wife or next of kin, by section 1842 that in actions against preferred legatees plaintiff must also show the same matters with respect to each preferred legatee, and by section 1849 that in actions against devisees the plaintiff must further show, either that the real property de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

scending to heirs was not sufficient to pay his debt, or that he cannot collect it by action against the heirs. *Held*, that each of these sections, read in connection with the other sections in the article, related to the several action which may be brought against one or all the legatees, to which the surviving wife is not a party, or to an action against preferred legatees where there are general legatees, or to an action against devisees only to which the surviving wife, legatees, and heirs at law are not parties, and not to the joint action against the widow, legatees, next of kin, heirs at law, and devisees.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2159–2164; Dec. Dig. § 847.*]

4. EXECUTORS AND ADMINISTRATORS (§ 274*)—PAYMENT OF DEBTS—MARSHALING ASSETS.

In the absence of express testamentary direction to the contrary, the rule for marshaling assets of a decedent's estate for the payment of debts is, first, the personal estate, and of this, first, the personal estate not bequeathed, then the personal estate generally bequeathed, and then the personal estate specifically bequeathed, and, second, the real estate descending to the heirs at law, then that generally devised, and then that specially devised.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1061–1073; Dec. Dig. § 274.*]

5. WILLS (§ 847*)—CREDITORS OF DECEASED—ACTION AGAINST ESTATE OF DECEASED SURETY—PARTIES.

In a general action against all receiving any part of the real or personal estate of decedent, a surety on a guardian's bond, either as widow, devisee, legatee, heir at law, or next of kin, there is no necessity of stating whether there are any persons taking from decedent under any statutes, by the general rules of law or by any instrument, who are primarily liable for the debt.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2159–2164; Dec. Dig. § 847.*]

6. WILLS (§ 847*) — ACTION AGAINST LEGATEE OF DECEASED SURETY — SUFFICIENCY OF COMPLAINT.

Code Civ. Proc., after providing two forms of action against a debtor's next of kin, legatees, etc., one joint and the other several, provides by section 1841 that, in an action against legatees, the complaint must show that no assets were delivered by the executor or administrator to the surviving wife or next of kin, by section 1842 that in actions against preferred legatees plaintiff must also show the same matters as to each preferred legatee, and by section 1849 that in actions against devisees the plaintiff must further show, either that the real property descending to heirs was not sufficient to pay his debt, or that he cannot collect it by action against the heirs. A deceased surety by will disposed of his entire real and personal estate so that his surviving wife took the personal property which she received solely as legatee, and no assets were delivered to her as surviving wife, and a daughter took personal property solely as legatee. *Held*, that a complaint against them to enforce decedent's liability as surety, alleging liability, his decease, a disposition of his property, that the widow as beneficiary had received realty in excess of the claim, that the widow and daughter as beneficiaries under a trust had received more than the amount of the claim, and that no part of the estate had descended to or been distributed to any one, was sufficient.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2159–2164; Dec. Dig. § 847.*]

7. PLEADING (§ 204*)—SUFFICIENCY AGAINST JOINT DEMURRER.

Where a wife and daughter of a deceased surety, parties defendant to an action to enforce his liability, joined in a demurrer to the complaint

---

which stated a cause of action against the surviving widow, the demurrer must be overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. § 204.*]

Appeal from Special Term, Kings County.

Action by Madeline M. Duck and others against Robert H. Mc-Grath and others, Sarah E. Bergen, and another, as beneficiaries under the will of Leffert L. Bergen, deceased. From an order denying plaintiffs' motion for judgment on the pleadings and sustaining the demurrer of Sarah E. Bergen and another, with leave to amend the complaint, plaintiffs appeal. Order reversed and motion for judgment granted, with leave to defendants to withdraw demurrer and to answer over.

See, also, 145 N. Y. Supp. 1040.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Edward Hymes, of New York City (Michael Schaap, of New York City, on the brief), for appellants.

Glenn M. Congdon, of New York City, for respondents.

BURR, J. Sarah E. Bergen and Edith L. Bergen, the former the widow and the latter the daughter and only heir at law and next of kin of Leffert L. Bergen, deceased, and who are made codefendants with Robert H. McGrath, Maria A. McGrath, and the Brooklyn Trust Company, have demurred to plaintiffs' complaint for insufficiency. Upon such demurrer the following facts must be deemed to be admitted: On February 9, 1903, in proceedings then pending in the Supreme Court for the sale of infants' real estate, Robert H. McGrath was appointed special guardian of plaintiffs, who were then infants, upon executing and filing with the clerk of said court a bond in the penal sum of $10,000. On February 17, 1903, he executed and filed such bond. Upon this, Maria A. McGrath and one Leffert L. Bergen became jointly and severally liable as sureties, conditioned that said Robert H. McGrath should faithfully discharge his trust as such special guardian in respect to the sale of said property, and should pay over and invest and account for all the moneys received by him as special guardian, according to the direction of any court having authority to give direction in the premises. Thereafter he sold the said real property belonging to said infants, and received therefor the sum of $5,800. He did not faithfully discharge his trust as such special guardian, but appropriated said moneys to his own use, absconded, and fled from the state. Plaintiffs have made diligent efforts to locate and ascertain his present whereabouts, but have been unable to find him, and he is wholly insolvent. Leffert L. Bergen, one of the sureties on said special guardian's bond, died in March, 1904. He left a will, duly proved, by which he devised to his wife, Sarah E. Bergen, premises known as No. 236 Berkley place, Brooklyn, and bequeathed to her "all the furniture, household goods and personal effects" of which he died possessed. He then bequeathed to the Brooklyn Trust Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany "all the shares of stock in corporations" of which he died possessed, in trust, to pay the income to his wife during her life, and after her death to his daughter, Edith L. Bergen, during her life, with power of appointment as to the remainder to said daughter. All the rest, residue, and remainder of his estate, real and personal, he gave, devised, and bequeathed to his said wife and daughter, share and share alike, and declared that the provisions contained in said will for the benefit of his wife were in lieu of dower. He appointed his wife and John D. Snedeker executors. On April 23, 1909, said executors accounted and turned over to the Brooklyn Trust Company, as trustee, property exceeding in value $200,000, which it still holds, and the income from which it pays over to the widow of decedent. Said decedent left no real estate except the house in Berkley place, which is of a value exceeding $5,800. His widow is now seized and in possession thereof. The widow has received, as beneficiary of the trust, more than the sum of $5,800, and said widow and decedent's daughter, Edith L. Bergen, have each received, as legatees under said will, more than the sum of $5,800, and—

"no part or share of estate, real or personal, has descended or been distributed to any person whatever, except said defendants Sarah E. Bergen and Edith L. Bergen, either as widow, devisee, legatee, heir at law, or next of kin."

Demurrants contend that the complaint fails to state a cause of action against them: First, because it does not show that the remedy against the principal upon said bond has been exhausted, and that the extent of his liability has been fixed by an accounting before a court of competent jurisdiction; and, second, that, the remedy here sought against them being statutory in character (Code Civil Procedure, §§ 1837–1860), the requirements of the statute with respect thereto have not been fulfilled.

[1] As a general rule, before an action at law can be maintained against the sureties upon a bond of this character, there should be an accounting before some court having jurisdiction of the subject-matter, establishing the default of the principal and the extent thereof. Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659; Hood v. Hood, 85 N. Y. 561; Haight v. Brisbin, 100 N. Y. 219, 3 N. E. 74. But if special circumstances exist from which it appears that such remedy is impractical, or would be fruitless, equity may be relied upon "to furnish a remedy, the specific need of its intervention being disclosed and all necessary parties being brought before the court," and an action of that character would be the appropriate remedy to charge the defaulting principal and to fix the measure of liability of the sureties. Haight v. Brisbin, supra; Long v. Long, 142 N. Y. 545, 37 N. E. 486; Otto v. Van Riper, 164 N. Y. 536, 58 N. E. 643, 79 Am. St. Rep. 673; Kurz v. Hess, 86 App. Div. 529, 83 N. Y. Supp. 773. The demurrer in this case admits that Robert H. McGrath has received moneys for which he is accountable to the plaintiffs; that he has never accounted for such moneys; that he has appropriated the same to his own use; that he has fled from the state; that his present whereabouts cannot be ascertained, and that he is wholly insolvent. It is difficult to think of a stronger combination of "special

circumstances" which would give a court of equity jurisdiction of an action against such principal and his sureties to determine the extent of his default and recover such deficiency. If a prior action at law could be maintained against this penniless and absconding principal, it would involve profitless expense and labor, as it clearly appears that the demurring defendants, if any one, must eventually pay plaintiffs' claim. Mertens v. Roche, 39 App. Div. 398, 57 N. Y. Supp. 349.

[2] The second ground of demurrer is equally untenable. The learned court at Special Term in its opinion said:

"The provisions of the Code, §§ 1837–1860, are plain, and further remark is unnecessary."

Conceding that this action is statutory in its character, and that the essential requirements of the statute must be strictly followed, we are not advised by this opinion just which of the 24 sections above referred to, and applicable to the situation, have been disregarded.

"An action may be maintained, as prescribed in this article, against the surviving * * * wife of a decedent, and the next of kin of an intestate, or the next of kin or legatees of a testator to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which the action might have been maintained, against the executor or administrator." Code Civ. Proc. § 1837.

We think that an action could have been maintained against Leffert L. Bergen during his lifetime, and after his death against his executors, upon his liability as surety on this bond.

"An action, specified in the last section, must be brought, either jointly against the surviving * * * wife, and all the legatees or all the next of kin, as the case may be, or at the plaintiff's election, against one of them only." Id. § 1838.

"Where a joint action is brought, as prescribed in the last section, the whole sum, which the plaintiff is entitled to recover, must be apportioned among the defendants in proportion to the legacy or distributive share, as the case may be, received by each of them; and the final judgment must award, against each defendant separately, the proportionate sum thus ascertained." Id. § 1839.

The complaint in this action affirmatively shows that defendant Sarah E. Bergen occupies to the decedent the threefold relation of surviving wife, legatee, and devisee, and that said defendant, together with her daughter, the defendant Edith L. Bergen, and the defendant the Brooklyn Trust Company, are all of the legatees named in said will, and that he owned only one piece of real property which was specifically devised to and accepted by his widow. It shows a disposition by his will of his entire estate, so that nothing passed to any of his heirs at law or next of kin under the law relating to intestacy. It is quite clear that this is a joint action of the character referred to in section 1838 (supra). In such an action the assets of the estate may be marshaled, and the proportionate sum to be paid by each defendant must be ascertained and the amount to be paid by each separately awarded by the judgment.

[3] In his brief, the learned counsel for appellants contends that the requirements of section 1841 of the Code have not been complied with. If this position is tenable, we may add, although not suggested, that equally the requirements of sections 1842 and 1849 of said Code are

unfulfilled. After providing by previous sections for two forms of action, one joint and the other several, the Code (section 1841) declares that:

"If the action is brought against a legatee, or against all the legatees, the plaintiff must show, * * * 1. That no assets were delivered by the executor or administrator of the decedent, to the surviving husband or wife, or next of kin."

Section 1842 provides for the case of preferential legacies, and where the action—

"is brought against a preferred legatee, or a class of preferred legatees, the plaintiff must show, in addition to the matters, with respect to the next of kin, required by the provisions of the last section, the same matters, with respect to each legatee, or class of legatees, to whom the defendant or defendants are preferred."

And section 1849 contains this language:

"Where the action is brought against devisees, the plaintiff must show, in addition to the matters specified in the last section [which relate to an action against heirs], either that the real property of the decedent, which descended to his heirs, was not sufficient to pay the plaintiff's debt, or that the plaintiff has been unable, or will be unable, with due diligence, to collect his debt by an action against the heirs."

We think that there are two answers to this contention. First, each of these sections, when read in connection with the remaining sections in said article, shows clearly that they relate to the several action which may be brought against all the legatees, or against one of them only, to which the surviving wife is not a party, or to an action against preferred legatees where there are also general legatees, or to an action against devisees only, to which the surviving wife, legatees, and the heirs at law are not parties, and not to the joint action which may be brought against the widow, legatees, next of kin, heirs at law, and devisees.

[4] The rule for the marshaling of the assets of a decedent's estate for the payment of debts of a decedent, in the absence of express testamentary direction to the contrary, is as follows: First, the personal estate, and of this (a) the personal estate not bequeathed; (b) the personal estate, generally bequeathed; (c) the personal estate specifically bequeathed; and, second, the real estate, and of this (a) property which has descended to the heirs at law; (b) that which is generally devised; and (c) that which is the subject of a special devise. Livingston v. Newkirk, 3 Johns. Ch. 312; Matter of Pye, 18 App. Div. 306, 46 N. Y. Supp. 350; Jouffret v. Loppin, 20 App. Div. 455, 46 N. Y. Supp. 810; Code of Civil Procedure, §§ 2752–2757.

[5] Where a several action is brought against one or more of the legatees, or against one or more of the devisees, it may be important to know whether there are any persons who have derived property from the decedent, under any statute or by the general rules of law or by any instrument, who are primarily liable for the debt. But when the action is a general one, as in this case, to which every one who has received any portion of the real or personal estate of the decedent, either "as widow, devisee, legatee, heir at law or next of kin," is a

party, not only within the spirit but also within the letter of the law, the necessity for such statement is wholly wanting.

[6] Second, we think that in effect, by express allegation or necessary intendment, each of the essential facts referred to in either of said sections *is* contained in said complaint. The will disposes, either by express gift or by its general residuary clause, of the entire real and personal estate of the decedent. The general residuary personal estate is given to the surviving wife and daughter; specific personal property, to wit, stocks belonging to the decedent, is given to the Brooklyn Trust Company in trust for the surviving wife and then for the daughter; specific personal property, to wit, furniture, household goods, and personal effects, is given to the surviving wife; specific real property, to wit, the property in Berkley place, is also given to the surviving wife, and decedent left nothing which descended to any heir at law or was distributed to any next of kin under the law relating to intestacy.

It seems clear that Sarah E. Bergen, one of the parties defendant, therefore takes the personal property of the decedent, and all of it which she has received, solely as legatee, and that no assets were delivered by the executor or administrator to her as his surviving wife, and that the defendant Edith L. Bergen received the personal property which came to her under said will solely as legatee, and that no assets were delivered by the executor or administrator to her as the surviving daughter and next of kin of decedent. As to Sarah E. Bergen, the complaint is clearly sufficient.

[7] If the daughter, Edith L. Bergen, who is the other general legatee, stands in any different position from her mother—and we do not mean to concede that she does—as to the right of plaintiff to make her a party defendant to this action, as she has united with her mother in a joint demurrer to the complaint which does state a cause of action against her codefendant, such demurrer must be overruled. Bradbury on Rules of Pleading, p. 1538; Warner v. James, 88 App. Div. 567, 85 N. Y. Supp. 153; Mawhinney v. Bliss, 124 App. Div. 609, 109 N. Y. Supp. 332, affirmed 194 N. Y. 590, 88 N. E. 1125.

The order denying plaintiffs' motion for judgment on the demurrer of said defendants must be reversed, with $10 costs and disbursements, and the motion for judgment granted, with $10 costs, but with leave to defendants to withdraw said demurrer, and to answer over within 10 days after service of a copy of this order, upon payment of said costs.

THOMAS, RICH, and PUTNAM, JJ., concur. JENKS, P. J., not voting.