Matter of the Judicial Settlement of the Account of GEORGE HERBERT KING as Executor of the Last Will and Testament of ANNA V. KING, Deceased.

(Surrogate's Court, Saratoga County, November, 1916.)

Wills — devise of certain real estate — decedent's estate — codicil — lack of formality of execution — exoneration of personalty.

In order to charge the realty of a decedent with the payment of funeral and administration expenses and debts there must be a clear intention to exonerate the personalty before resort will be had to the realty.

Where an aged testatrix, after selling certain real estate known as the "Octogon Cottage" which she had devised by the 7th clause of a will drawn by herself, indorsed thereon "Codicil — The above 7th bequest of Cottage sold and instead bequeath house on Saratoga Ave., cor. Kavanaugh St." and signed her name to such indorsement, and the personalty not specifically bequeathed is insufficient to pay the funeral and administration expenses and debts, but it is apparent from a subsequent clause of the will that she expected all her debts and expenses would be paid from the income of her estate, her intention to devise the property mentioned in the codicil cannot be carried out because of lack of formality of execution.

PROCEEDINGS upon the judicial settlement of account of an executor.

Butler, Kilmer & Corbin, for executor.

Slade, Harrington & Goldsmith, for Board of Foreign Missions of the Methodist Episcopal Church.

James J. Farren, for Cypress Hills Cemetery.

OSTRANDER, S. Testatrix bequeathed specifically five different bank accounts and also a mortgage which she held upon certain realty.

The 7th clause of the will relates to the only real estate which she had at the time her will was made and reads as follows:

"*Seventh.* The Octagon Cottage and all its contents and furniture therein and whatever else of personal estate where boarding and deposits in the First National Bank, Ballston Spa, N. Y., I bequeath to my son, George Herbert King, or his heir."

The 8th clause was as follows:

"All private papers, estate bills, deeds, books, photos, etc., I bequeath to my son George Herbert King or his heirs and all my funeral expenses to be paid from income due at the time of my death or demise, also any debts that I may have for week board, etc."

The will was drawn by the testatrix who was an aged woman and unfamiliar with such matters and bears date November 22, 1911. After executing the will, she sold the Octagon Cottage and purchased another piece of realty on Saratoga avenue, in Round Lake, and on November 10, 1913, she indorsed upon the will the following:

"Codicil — The above 7th bequest of Cottage sold and instead bequeath house on Saratoga Ave., cor. Kavanaugh St.

"ANNA V. KING, *Nov.* 10, 1913."

34

The codicil is inoperative for lack of formality in execution but may be useful as an indication of the intentions of the testatrix. *Livingston* v. *Newkirk*, 3 Johns. Ch. 312 (319); *Rice* v. *Harbeson*, 63 N. Y. 493 (500).

The personalty not specifically bequeathed is insufficient to pay the funeral and administration expenses and debts, and resort must be had on this accounting to the remaining property — shall it be to the personalty specifically bequeathed or to the realty which by reason of the informality in the codicil descended to the heir?

The general rule long established is that the property of the estate shall be applied to the payment of these expenses and debts in the following order:

1. The general personal estate.

2. Estates *specifically and expressly devised* for the payment of debts and for that purpose only.

3. Estates descended.

4. Estates specifically *devised* even though they are generally charged with the payment of debts. *Livingston* v. *Newkirk, supra.*

While this is the general rule, the personal estate may be entirely exonerated or the real estate may be made to aid the personal if there be express direction to that effect in the will, or if such be the clear intention of the testator to be gathered from its provisions. *Taylor* v. *Dodd,* 58 N. Y. 343.

This rule was cited in *Matter of Bergen,* 56 Misc. Rep. 92, but it was held in that case that there was nothing in the will to show an intention to exonerate the personalty except that the executors were given power to sell the realty and the court says: " But this does not necessarily indicate any intention to exonerate the personalty."

The rule was a little more specifically laid down in

*Matter of Neely,* 24 Misc. Rep. 255 (257):  "The principle which has the greatest influence on the determination of this question, which has been uniformly supported by all the cases, is that it is not enough for the testator to have charged his real estate with or in any manner devoted it to the payment of his debts and legacies.    The rule of construction is such as aims at finding not that the real estate is charged, but that the personal estate is discharged.    In other words, it is not by an intention to charge the real, but by a plain intention to discharge the personal, estate that the question is to be decided."

In that case there was no expression of intention that the debts and expenses be paid from the realty and the personalty be exonerated, and the court held that the personalty was the primary fund for the payment of the debts.

From the foregoing authorities, the rule is plain that in order to charge the realty there must be a clear intention to exonerate the personalty before resort can be had to the realty.    What then was the intention of Mrs. King in this respect?

By the 8th clause, it is apparent that she expected all her debts and expenses would be paid from personalty, to wit, from the income of her estate.

In the original will all her realty was, by the 7th paragraph, specifically devised, and after she sold this realty and bought other realty in its stead she intended by her codicil to specifically devise the new property.

While such intention cannot be carried out by reason of informality of the execution of the codicil, we can have no doubt of her intentions in regard to it.

If it be said that the codicil is ineffective and may not be considered in passing upon this question, and we be thrown back upon the original will, which, speaking from the testatrix's death, left the new purchase

of realty undevised, still the 8th clause of the will would be sufficient to rebut any claim of intention to fix the burden of the expenses and debts upon the realty in preference to the personalty.

The debts and funeral and administration expenses should be borne by the personal property.

Decreed accordingly.