## In the Matter of the Will of CHARLOTTE GREEN, Deceased.

Surrogate's Court, Westchester County, January 18, 1946.

*Clark, Gagliardi & Murphy* for George E. Green and another, petitioners.

GRIFFITHS, S.   The question of construction presented herein affects only real estate situated in the State of New York.   In its prior decision dated December 28, 1945 (187 Misc. 432), this court, in sustaining the primary trust, measured by the life or lives of a son and daughter of testatrix, both of whom were then alive, declined to pass upon the validity of any secondary trust or trusts upon the ground that the question was academic.   One of the two beneficiaries of the primary trust, the son of testatrix, died on December 31, 1945.   By the death of the son the question is presented as to whether the will provides for a single trust measured by the lives of the son and daughter of the testatrix and their respective issue, and the power of alienation is thereby suspended beyond the

permitted period, or the testatrix contemplated the creation of separate trusts measured by the lives of the son and each of his children as to one half of the residuary estate and by the life of the daughter and each of her children as to the trusts of the remaining one half. The court determines that the dominant purpose of testatrix was the creation of trusts divisible into separate shares, notwithstanding that the only direction for division is found in a provision for payment of income equally among the beneficiaries of said trusts. (*Matter of Moores,* 155 Misc. 471, affd. 248 App. Div. 738.) As so construed, the testatrix created two separate primary trusts, each to continue during the respective lives of her son and daughter, and provided for separate secondary trusts, each of which was to be measured by the lives of their respective children. Nor is the validity of such trusts affected by the provision for payment of one third of the income during the life of the husband of testatrix, he having predeceased the testatrix. The validity of the trusts must be determined in the light of the circumstances existing at the death of testatrix. (*Bishop* v. *Bishop,* 257 N. Y. 40.)

Even though such trusts be separable, the secondary trusts nevertheless would be invalid insofar as their duration might possibly be measured by the life or lives of such issue of the children of testatrix as were not in being at her death. "A life not in being when the will speaks is not a life by which the duration of an estate may be lawfully measured." (*Seitz* v. *Faversham,* 205 N. Y. 197, 202.) By the will, upon the termination of the trust for said son, one half of the income is payable equally among his surviving children until such child or children attain the age of twenty-five years, at which time the principal is payable to such children. There is no gift over in the event that any such child fails to attain the prescribed age. At the time of his death, decedent's son was survived by three children, all of whom were in being at the death of testatrix, and all of whom had attained the prescribed age of twenty-five years. The invalidity of the testamentary disposition by secondary trusts which might be measured by the life of an after-born child does not affect the legality of such trusts for the children of the son who were in being at the death of testatrix. (*Matter of Mount,* 185 N. Y. 162.) Since the secondary trusts are valid, the provisions for the disposition of the remainder interests on the termination of each secondary trust for the children of the son are effectual. (*Matter of Mount, supra.*) The remainder, comprising one half of the residuary estate, there-

fore, is now absolutely vested equally in the three children of the son.

The trusts being severable, there is a valid primary trust of the remaining one half of the residuary estate, the term of which is measured by the life of the daughter of testatrix. For the reason hereinabove stated, any secondary trusts for the benefit of the children of decedent's daughter are likewise invalid to the extent to which any of such trusts may be measured by the life of a person not in being at the death of testatrix. The invalidity of the testamentary disposition in favor of the after-born children of decedent's daughter would not affect the legality of the trust in favor of the only child or children of said daughter who were in being at the death of testatrix. (*Matter of Mount, supra.*) The only issue of said daughter is a child who has already attained the prescribed age of twenty-five years, and who was in being at the death of testatrix. A determination, however, as to the validity of any secondary trusts for the benefit of the child or children of the daughter of testatrix or as to the effect of the provisions disposing of such remainder interest is presently academic and must await the termination of the primary trust for the benefit of the daughter of the testatrix. (*Looram* v. *Looram,* 269 N. Y. 296; *Matter of Mount, supra; Mount* v. *Mount,* 234 N. Y. 568.)

Settle decree construing the will accordingly and appointing the proposed substitute trustee as requested. The decree shall contain an appropriate provision for the issuance of trustee, letters which shall permit the trustee to act only during the continuance of the trust for the benefit of the daughter of testatrix, and the prior decision of this court is supplemented accordingly.