In the Matter of the Construction of the Will of JENNIE BROWN, Deceased.

Surrogate's Court, New York County, January 6, 1950.

*Abraham N. Davis* and *Ross D. Davis* for Fannie Berger, as executrix of Jennie Brown, deceased, petitioner.

*Grace Kelly Santo,* special guardian for Jeffrey Golub and another, infants, respondents.

FRANKENTHALER, S. Deceased's will contains language disposing of two parcels of real property. At the date of the will and at the time of deceased's death title to only one of the properties was in deceased's name but she held the stock of a corporation whose principal asset was the other piece of real estate. The court holds that the will is effective to dispose of the corporate stock owned by deceased in lieu of the realty she did not own. The clear intention of deceased to bequeath the

corporate shares may be effectuated since the controlling factor is the substance of the attempted gift and not merely the words employed by the testatrix. (*Matter of Cartledge,* 118 Misc. 131, affd. 203 App. Div. 899, affd. 236 N. Y. 515; *Matter of Manning,* 196 App. Div. 575, affd. 232 N. Y. 512; *Matter of Bush,* 124 Misc. 674; *Matter of Kheel,* 52 N. Y. S. 2d 820.)

The will does not create trusts but gives to deceased's husband a life estate in both the real property owned by deceased and the corporate shares. (*Matter of von Kleist,* 265 N. Y. 422, 426; *Matter of Clark,* 62 Hun 275; *Matter of Corrato,* 170 Misc. 385.) The gift in remainder to deceased's son is qualified by the words "in the event of his predeceasing me or my beloved husband, to his children." Like language is used in respect of the gift in remainder to deceased's daughter. The provisions in the will for gifts over in the event the son or the daughter should predecease their father plainly express deceased's intention not to grant indefeasible interests to her children. The respective remainder interests of the son in the corporate stock and of the daughter in the real property are vested subject to divestment in each case by the death of the presumptive remainderman during the lifetime of the life tenant.

The court further holds that the provisions of the will do not impose upon the life tenant the obligation to charge against income the amortization payments in reduction of the mortgage upon the realty owned by deceased. (*Collins* v. *McKenna,* 116 Misc. 72; *Matter of Merritt,* 182 Misc. 1026.) In respect of the property held in the corporate name the making of mortgage payments is a matter of corporate management.

The petition in this proceeding indicates that a lack of cash in the estate with which to meet debts and administration expenses will require a liquidation of assets. The finances of the estate are not detailed in the petition and a specific program for such liquidation is not set forth. The requirements as to the marshalling of assets in connection with the sale of property for the payment of debts, the priorities existing between gifts under the will and the authority of the executor in respect of a sale are well established. (Surrogate's Ct. Act, § 214; *Duck* v. *McGrath,* 160 App. Div. 482, affd. 212 N. Y. 600; *Matter of Ely,* 153 Misc. 334; Surrogate's Ct. Act, § 215.)

Submit decree on notice construing the will.