In the Matter of the Accounting of ELIZABETH WYNNE et al., as Executrices of ELIZABETH TIMMS, Deceased.

Surrogate's Court, Kings County, October 14, 1952.

*Overend & Vogel* for executrices, petitioners.

*Liflander & Levin* for Service Institute, Inc., judgment creditor and assignee of devisee and legatee.

*Nathaniel L. Goldstein, Attorney-General (Flavius N. Costerella* of counsel), for Little Flower of Providence, a charitable trust.

*Francis M. Walsh,* special guardian for Elizabeth Wynne, an infant.

*Jancourtz & Goldman* for South Brooklyn Casket Co., Inc., judgment creditor of devisee and legatee.

*Daniel J. McMonagle* for Anna M. Henar.

*Martin L. Stein* for Manufacturers Trust Co., judgment creditor of devisee and legatee.

RUBENSTEIN, S. The accounting executrices request the court to construe certain provisions of testatrix' will and determine conflicting claims to the share of one of the residuary devisees and legatees of the estate. The will is dated June 17, 1949, and testatrix died on January 2, 1950.

The court has considered the issues and reached the following conclusions.

Paragraph "First" of the will confers discretion on the executrices to spend a sum not exceeding $1,000 for a monument on the family cemetery plot, in addition to the funeral expenses, and the objection to the proposed expenditure of that amount is dismissed.

The bequest under paragraph "Second" to Father Joseph McGroarty in the sum of $100 "to be used by him for the colored orphans' in Wading River, Long Island," constitutes him a trustee of the fund. The undisputed facts establish that testatrix intended such fund for the benefit of the colored orphans of the institution located in Wading River, Long Island, as now constituted under the name of Little Flower of Providence.

The legatee of the stock specifically bequeathed under paragraph "Fifth" (*Crawford* v. *McCarthy,* 159 N. Y. 514, 519), is not entitled to be reimbursed for the value of such stock. The fact that the personal property of the estate, including the stock, was insufficient to pay the debts, funeral and administration expenses, imposed a duty on the executrices to sell the stock (*Matter of Chertow,* 109 N. Y. S. 2d 567, 570), without any obligation to restore it, or its value.

It is not so with respect to general legacies. Since 1947, section 47-d of the Decedent Estate Law, in effect, has provided that unless a will contains an express direction to the contrary, testator's real property not specifically devised is chargeable with the payment of *general legacies,* if his personal property is insufficient to pay such legacies. Testatrix' will makes no such direction; nor does it specifically devise the real property. Therefore, the general legacies are payable out of the real property of the estate.

The only asset of the estate, other than the stock specifically bequeathed, and the proceeds of an insurance policy payable to the estate, amounting to $238.26, was a parcel of real property disposed of in the residuary clause of the will, under which the three children of testatrix were named as residuary legatees and devisees. Since the personal property was insufficient to pay the preferred claims and the general legacies, the executrices, on June 2, 1952, conveyed the realty under an order of this court, for the proceeds of which they are now accounting in this proceeding.

Before the executrices conveyed the realty, however, six judgments were procured and docketed against one of the residuary devisees and legatees, which became statutory liens on his residual interest in the realty in the order in which they were docketed, to wit: on October 9, 1950, November 15, 1950, July

20, 1951, December 27, 1951, January 9, 1952, and April 11, 1952, respectively. The Service Institute, Inc., as holder of the first judgment lien in the sum of $2,592.22, claims two additional grounds upon which it is entitled to priority over all the other judgment liens, to wit: (1) On a third-party subpœna in supplementary proceedings based upon said judgment, containing an injunctive provision pursuant to section 781 of the Civil Practice Act served on a coexecutrix on October 23, 1950; and (2) On an assignment of all the interest of the judgment debtor in the estate in consideration of said judgment and another for the sum of $825.40, subsequently procured by it against him (not docketed), which was recorded in this court pursuant to section 32 of the Personal Property Law, on January 11, 1951. It does not appear that any further proceedings were taken in the supplementary proceeding after the service of the subpœna.

The court holds that the priorities of the judgment liens were not destroyed by the conversion of real property into money under the order of this court (*Sayles* v. *Best,* 140 N. Y. 368, 376; *Matter of Cornell,* 170 Misc. 638, 640), and that each lien is payable in the order in which the judgment was docketed (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54; *White's Bank of Buffalo* v. *Farthing,* 101 N. Y. 344; *Warwick Sav. Bank* v. *Long Is. Chap., K. C. Social Service,* 253 App. Div. 276). The Court of Appeals has held that a third-party subpœna in proceedings *supplementary to execution* takes the place of the commencement of an action in the nature of a creditor's bill and gives the judgment creditor the priority of a vigilant creditor and a lien upon the " equitable assets " of the debtor (*Matter of Wickwire Spencer Steel Co.* v. *Kemkit Scientific Corp.,* 292 N. Y. 139, 142). The rule is well settled that as between judgment creditors, priority in the distribution of *personal property* in the hands of a receiver in supplementary proceedings is determined by the date of service of the order summoning the judgment debtor for examination (*Herlihy* v. *Watkins,* 252 App. Div. 605, 608). To what extent the service of such a subpœna affects the *proceeds of the realty* distributable to the judgment debtor herein, where no execution was levied, no receiver was appointed and no further proceedings were had after the service of the subpœna, is not necessary now to decide (see *Matter of Diaz,* 192 Misc. 212).

A lien of a judgment takes effect only on the actual interest which a judgment debtor has on real property at the time of docketing the judgment (*Brooks* v. *Wilson,* 53 Hun 173, revd.

on other grounds, 125 N. Y. 256; *Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *United States* v. *Certain Lands in Brooklyn,* 44 F. Supp. 830).

It would seem from the account that the net amount in the hands of the executrices distributable to the judgment debtor will be insufficient to satisfy the lien of the first judgment, leaving no funds with which to apply to any other lien. Hence, any discussion of conflicting claims among the other creditors of the judgment debtor would be merely academic.

Proceed accordingly.