In the Matter of the Accounting of GEORGE W. UNSWORTH, as Executor of MABEL MICHIGAN, Deceased.

Surrogate's Court, Kings County, May 19, 1954.

*Kennedy, Teale & Kennedy* for executor, petitioner.

RUBENSTEIN, S.   A construction of the will is sought on the judicial settlement of the executor's account to determine the persons entitled to the bequest under paragraph " Third " of the will, whether paragraph " Fifth " was intended to embrace

all the residuary estate and, if so, is such bequest chargeable with payment of testatrix' debts, claims, commissions and other administration expenses.

Testatrix died on December 29, 1951, leaving a will dated February 17, 1941, which was duly admitted to probate in this court on May 26, 1952.

By paragraph " Third " of her will, testatrix bequeathed to her " brother Thomas A. Unsworth, and his distributees " certain shares of stock, absolutely and forever. Thomas predeceased testatrix, leaving him surviving his widow and five children. The petitioner contends that the bequest passes to Thomas' children to the exclusion of his widow, in pursuance of section 29 of the Decedent Estate Law.

The court construes paragraph " Third " to mean that testatrix intended a gift of the mentioned stock to her brother, Thomas. The words " and his distributees " are a limitation and not words of purchase or substitution so that the legacy to the brother was absolute (*Matter of Barrett,* 141 Misc. 637). Since Thomas died prior to testatrix, the gift passes pursuant to section 29 of the Decedent Estate Law. His widow is excluded for section 47-c of the Decedent Estate Law has no application upon this factual presentation.

By paragraph " Fifth " testatrix bequeathed " any and all other shares of stock " registered in her name or which she might have any power to dispose of at time of her death to her brother, George W. Unsworth, and his distributees, absolutely and forever. It is contended that said paragraph was intended as a true residuary clause " disposing of all the rest, residue and remainder " of testatrix' property. It is further contended that the debts, claims, commissions and administration expenses should be paid out of the property passing under said paragraph " Fifth " which constitutes the residuary estate.

The language used in said paragraph is devoid of any word which might be construed that testatrix intended it to include all the rest, residue and remainder of her property of every description. On the contrary, the terminology used clearly indicates that testatrix made reference only to " any and all other shares of stock." A general residuary clause will be liberally construed to prevent intestacy (*Riker* v. *Cornwell,* 113 N. Y. 115, 123; *Lamb* v. *Lamb,* 131 N. Y. 227, 234). But there is nothing in paragraph " Fifth " to indicate that testatrix intended it to be a general residuary clause. The court may not construe the will contrary to the clearly expressed intent of the testatrix (*Matter of Battell,* 286 N. Y. 97; *Matter of*

*Nelson,* 268 N. Y. 255; *Matter of Smith,* 254 N. Y. 283; *Matter of Watson,* 262 N. Y. 284). The court determines that testatrix died intestate with respect to any of her property not specifically devised or bequeathed under paragraphs '' Second '' to '' Fifth '' of her will.

Paragraph '' First '' of the will directs that testatrix' '' just debts, funeral and testamentary expenses '' be paid as soon after her decease as possible. In the absence of any testamentary direction as to the sources of such payments the personal property not disposed of by the will must first be applied toward such payments and in the event it is insufficient the specific legacies must abate pro rata to make up the deficiency. (*Matter of Smallman,* 138 Misc. 889, 910, 916; *Matter of Chertow,* 109 N. Y. S. 2d 567, 570 and case therein cited; *Duck* v. *McGrath,* 160 App. Div. 482, 488, affd. 212 N. Y. 600.)

There remains to be determined the question of allocation of inheritance taxes. Section 124 of the Decedent Estate Law directs that such taxes be equitably prorated '' except in a case where a testator otherwise directs in his will ''. The will being silent, inheritance taxes shall be prorated among the respective legatees (*Matter of Blumenthal,* 180 Misc. 895).

Submit decree, on notice, construing the will accordingly.