Moss, S.
Incidental to the executor’s account, a construction is sought of “ Article Second ” of the will to determine the rights and interests of the persons named therein and directions are sought as to the manner of marshaling estate assets in order to liquidate its obligations.
Testatrix’ assets at her death on November 15,1952, consisted of a savings account in the Fulton Savings Bank in the sum of $5,572.62, the proceeds of her own life insurance policy in the sum of $178.32, and two parcels of improved realty situate in Brooklyn, one on East 12th Street appraised at $10,000 and the other on East 10th Street appraised at $9,000. The debts, funeral and administration expenses of the testatrix total $5,969.90.
Testatrix’ will and a codicil thereto were respectively executed on September 15, 1945 and October 2, 1945. The dispositive provisions of the will are under Articles Second, Third and Fourth thereof. Under Article Second testatrix specifically devised premises 1479 East 12th Street to her married daughter, May, who lives therein, as a life tenant, “ and upon her death *63 to the then surviving child or children of said May, * * * share and share alike, * * * during their natural life * * * as life tenants ” and upon the death of said child or children to their issue in fee; and if no lineal descendants survive May, the said property to vest absolutely in testatrix’ daughter, Ella. Article Third of the will was revoked by the codicil and paragraph Second thereof substituted in its place. Under it testatrix bequeathed in trust “ the balance on deposit in the account in the Fulton Savings Bank standing in my name at my death ’ ’ for the lifetime benefit of her daughter, May, and upon her death the principal is bequeathed to the child or children of said daughter, and if May predecease her or die without issue, then to testatrix’ daughter, Ella. The only change effected by the codicil was the elimination of the savings account number. Article Fourth of the will embraces the residuary estate of which the testatrix’ daughter, Ella, is the named beneficiary. Paragraph Second of the codicil is the only dispositive provision therein.
The bequest in trust of the savings account is a specific legacy being 11 a bequest of a specified part of a testator’s personal estate distinguished from all others of the same kind ” (Crawford v. McCarthy, 159 N. Y. 514, 519; Matter of Barry, 138 Misc. 519; Matter of Corey, 133 Misc. 199; Matter of Rubinstein, 169 Misc. 273, 274 and cases cited). The devise of the East 12th Street premises, under Article Second of the will, is also a specific gift.
The only other assets of which the testatrix died seized and possessed are premises 1658 East 10th Street, in which her daughter Ella resides, and insurance proceeds amounting to $178.32. Testatrix did not either expressly or impliedly direct the source from which her debts, funeral and administration expenses were to be satisfied. Her assets are, therefore, marshaled for such purpose in the following order: 11 First, the personal estate, and of this (a) the personal estate not bequeathed; (b) the personal estate generally bequeathed; (c) the personal estate specifically bequeathed; and second, the real estate, and of this (a) property which has descended to the heir at law; (b) that which is generally devised, and (c) that which is the subject of a special devise ” (Duck v. McGrath, 160 App. Div. 482, 488, affd. 212 N. Y. 600). The specifically bequeathed bank account must therefore be used before the residuary real estate (Matter of Ely, 153 Misc. 334; Surrogate’s Ct. Act, § 214).
*64 The validity of the devise under Article Second of the will is questioned because of the possibility that the primary life tenant may die survived by children not in being at testatrix’ death. The said tenant is fifty-eight years old and has a daughter twenty-eight years old. The possibilities of additional children being born to said tenant, in view of her age, appear to be most remote. The parties concede, however, that the primary life tenancy is valid. • Fractional secondary life tenancies in a parcel of realty are permissible (Wells v. Rowland, 155 App. Div. 354). Testatrix’ direction that the secondary life tenancies be enjoyed “ share and share alike ” imports equality of division of interests or a tenancy in common (Matter of Myers, 98 Misc. 108). The secondary tenancy therefore is not required to be carried in solido, which would be wholly void (Matter of Mount, 185 N. Y. 162, 169). Under the will, the death of a secondary tenant terminates her tenancy and the remainder thereof vests in her issue.
Section 43 of the Beal Property Law provides that “ Successive estates for life shall not be limited, except to persons in being at the creation thereof ”. In Matter of Mount (supra, pp. 169-170), the court stated “ It is not at all necessary that the testator create a single trust in a single piece of property. He may create separate trusts in undivided interests. The validity of each of such trusts is dependent solely on its terms, not on the fate or validity of the others. If, therefore, the nephew should have children born after the testatrix’s death and surviving her sister, their existence would serve to cut down the shares to be held in trust for the children living at the testatrix’s decease. But we do not see how the invalidity of the testamentary disposition in favor of such after-born children can affect the legality of the trust in favor of the existing children.” Those observations likewise apply with equal force to life tenancies. A determination in the Mount case was not rendered, however, as the primary life beneficiary therein was alive and the question presented became academic. So also in this estate, the primary life tenant is alive and the question of the validity of the secondary tenancies is academic.
While this question is presently academic, the court points out that excision may be decreed herein if future events create secondary tenancies resulting in partial invalidity. Excision defeating a contemplated equality of enjoyment of secondary tenancies, if there be any, is permissible where it will not pervert or deform the testamentary intent beyond recognition (Matter of Lyons, 271 N. Y. 204). The remainder of any invalid *65 secondary tenancy will fall into and become a part of the residuary estate and pass to testatrix’ daughter, Ella. The same result would also follow with respect to the entire remainder, by the express terms of Article Second of the will, should the primary tenant die without issue. The testamentary intent will, therefore, be preserved in part by excision. The present secondary tenant’s interest will be defeated if she predecease her mother, and such interest will be diminished should she survive her mother and there be other children of her mother surviving (Matter of Trischett, 184 Misc. 599, affd. 270 App. Div. 767; Matter of Green, 187 Misc. 434). Settle decree on notice.