Maximilian Moss, S.
In this executor’s accounting, the court is required to construe several articles of the testator’s will, fix the attorney’s fee, determine the manner of abatement of several legacies in order to provide funds necessary to pay administration charges and to pass on several other matters.
The testator died a resident of Kings County on the 12th day of September, 1957. He was survived by his widow who died on May 20, 1958. Although the testator had some cash funds at his death, the cash alone was insufficient to meet all necessary expenses of the estate’s administration. Administration expenses, funeral charges and debts must be paid in full before any beneficiary is entitled to share in the estate, and there is a present deficiency.
Since no cash funds are available to meet the necessary administration and funeral expenses, the court must determine the manner of abatement to meet the deficiency. The usual rule of abatement as enunciated in Duck v. McGrath (160 App. Div. 482) and Matter of Ely (153 Misc. 334) that personal property be first applied to meet a deficiency in administration expenses may be varied when there is a contrary intent expressed or implied in the will. In this instance, the court is satisfied that the decedent expressed such contrary intent in article “ Second ” of the will (Matter of Neely, 24 Misc. 255; Matter of Palmer, 78 N. Y. S. 2d 710; Matter of Fabbri, 2 N Y 2d 236). Accordingly, the court will require sale of testator’s real property at 1360 Flatbush Avenue, Brooklyn, New York, to *816 meet such deficiency. If insufficient, then the shares in the 5914-18 Avenue N Realty Co. Inc., will he disposed of to the extent needed to meet the remaining deficiency, and the bequests thereof contained in article “ Second ” of the will, shall be abated pro rata.
The limitation restricting the sale of the shares of stock of 5914-18 Avenue N Realty Co. Inc., contained in said article “ Second ” is in derogation of the right freely to transfer such shares and is hereby declared void (Personal Property Law, § 11; cf. Allen v. Biltmore Tissue Corp., 2 N Y 2d 534).
The “ Third ” article of the will bequeaths to executors the proceeds of a savings bank account ‘ ‘ which amounts to about $2,000 ’ ’ for erection of monument and the continuance of various annual payments to several charities “for as long as this fund lasts ”. On testator’s death, there was a joint or survivorship account at the savings bank referred to in said article in the name of the testator or his wife ‘1 payable to either or survivor ”. The form of account creates a presumption that the depositors were joint tenants and that after the death of testator leaving his widow, the joint depositor, surviving him with the deposit then subsisting, title passed to the survivor (Moskowitz v. Marrow, 251 N. Y. 380, 397; Matter of Juedel, 280 N. Y. 37; Matter of Porianda, 256 N. Y. 423; Matter of Malone, 24 Misc 2d 133). Subdivision 3 of section 239 of the Banking Law provides that joint accounts in savings banks which are payable to either or the survivor are subject to a conclusive presumption that it was the intent of both depositors to vest title in the survivor. No evidence was presented that the creation of the account was not the conscious act of the testator or that undue influence was practiced on testator, and no contention of incompetency was made. In any of these events, the presumption is not conclusive notwithstanding section 239 of the Banking Law. (See Fingar, Bookstaver and McQuaid, New York Wills and Trusts [2d ed.], § 8:05.) On testator’s death the account in question, therefore, became the property of the testator’s widow. The court construes the gifts set forth in article ‘1 Third ’ ’ as having abated. In connection therewith, the court approves the purchase of a monument on the grave of decedent as part of the funeral expenses.
Article “Fourth” of the will gave a life estate in all of decedent’s residuary estate to his widow. It provided that in the event £ £ the income is insufficient to take care of her needs, then she may use principal of the estate to extent of her needs ”, The widow became incompetent after the testator’s death and the account of the incompetent’s committee reflected a deficiency. *817 The widow has since died, and the account in her estate shows sufficient assets to discharge all her liabilities therefrom. Under these circumstances this estate will not be required to pay for any unmet needs of the widow during her lifetime.
The provisions of subdivision “ (b) ” of said article “Fourth” require compliance with two conditions precedent to entitle the daughter to a monthly allowance of $50 for management of the property therein described. The petition fails to indicate whether or not these conditions were complied with. Upon filing an affidavit showing compliance therewith, the property will be impressed with a lien for such monthly sums not to exceed however a total of $400.
Subdivision “ (c) ” of said article “ Fourth ” provides among other things that two daughters shall sign all checks issued by the 5914-18 Avenue N Realty Co. Inc. The court will not direct compliance with said subdivision as a testamentary disposition cannot govern a corporation’s management where the corporate stock is not wholly owned by the testator (Matter of Bauer, 289 N. Y. 326).
The court approves the proposed allocation of the taxes as reflected in Schedule 1 ‘ E-l ’ ’ of the account.
The attorney’s fee is fixed and allowed in the requested amount. Credit shall be given the estate for any amounts paid him on account thereof as indicated in Schedule “ C ” of the account.