John D. Bennett, S.
In this accounting proceeding the residuary legatees have filed objections to the account as rendered ‘ ‘ insofar as the computations therein indicate that the funeral expenses, administration costs and debts of the decedent are allocated wholly to the residuary legatees, on the ground that insofar as the residuary estate consists of real estate * * * it is not subject to these expenses unless there are not sufficient personal properties to pay these items ”.
The assets of this estate at the time of decedent’s death consisted of (1) four bank accounts totaling $24,012.79, (2) United States savings bonds valued at $6,295.20, (3) an insurance policy payable to the estate in the amount of $549.99, (4) miscellaneous items totaling $340.42, and (5) real property which was sold by the executrix for $22,000.
The dispositive provisions of the will give two general legacies of $3,000 and $500, respectively, to named persons and provides that “ all of the monies on deposit in any bank ” are specifically *26 bequeathed to a niece, and that the residue is to be distributed to the decedent’s brothers.
The executrix sets forth in schedule (r of the account a proposed distribution of the balance of the estate in her possession which will effect payment in full of the general and specific legacies and payments to the residuary legatees of the balance which reflects the allocation of the.total amount of the decedent’s funeral expenses, administration costs and debts to the residuary legatees.
The will directs payment of debts, funeral and testamentary expenses by a specific clause and includes a power of sale over realty.
The law relating to the marshalling of assets of an estate for the payment of debts of a decedent, in the absence of express testamentary direction to the contrary, or if such be the clear intent of the testator to be gathered from the provisions of the will, is as follows: first, the personal estate, and of this in the following order, (a) the personal estate not bequeathed; (b) the personal estate generally bequeathed, and (c) the personal estate specifically bequeathed; and second, the real estate, and of this in the following order, (a) property which has descended to the heirs at law, (b) that which is generally devised, and (c) that which is the subject of a special devise (Duck v. McGrath, 160 App. Div. 482, affd. 212 N. Y. 600; Matter of Ely, 153 Misc. 334; Surrogate’s Ct. Act, § 214 [as in force at date of decedent’s death]).
There is no express direction in the will to either charge the realty with debts and expenses, or to exonerate the personalty therefrom. Thus, unless such intention can be implied from the will, the executrix was required to apply the assets of the estate for the payment of debts and expenses pursuant to the usual order of-marshalling assets as is set forth above. The court is of the opinion that no such intention may be spelled out from the provisions of the will. A power of sale to pay debts does not by itself warrant such a conclusion (Clift v. Moses, 116 N. Y. 144); neither does an inadequacy of personalty (Matter of City of Rochester, 110 N. Y. 159). In addition, there must be a clear intention to exonerate the personalty before resort can be had to realty (Matter of King, 97 Misc. 528). In summation, it is not only by intention to charge the realty but a plain intention to discharge the personal estate that the question of testator’s intent in this respect can be decided (Matter of Neely, 24 Misc. 255).
The court holds, therefore, that the estate debts and expenses should have been paid by first disbursing the unbequeathed *27 personalty, then the generally bequeathed personalty, and finally so much of the specifically bequeathed bank accounts as was necessary to discharge them. Pursuant to the provisions of section 47-d of the Decedent Estate Law the general legacies must be made whole again from the proceeds of the sale of the undevised realty, as the will does not expressly relieve said realty from being charged with said legacies. The fact that the specifically bequeathed personalty is, in this case, moneys on deposit in bank accounts does not affect the application of these rules of law (Matter of Manley, 1 Misc 2d 61), and there is no obligation on the part of the executrix to restore it, or its value (Matter of Timms, 203 Misc. 792).
The residuary legatees have objected to the payment of executrix’ commissions on the value of the specific legacy represented by moneys on deposit in four bank accounts, but have agreed that commissions are payable on that portion of such moneys as may be charged with estate debts and expenses, if any. Inasmuch as a portion of such specific legacy is to be so charged, the court holds that commissions will be payable on the specific legacy to the extent it is charged with the payment of estate debts and expenses. As to the balance, no commissions will be payable (Surrogate’s Ct. Act, § 285, subd. 2; Matter of Baker, 146 Misc. 437).