In the Matter of the Estate of DOMINICK CORRATO, Also Known as DOMENICO CORRATO, DOMINICO CORRATO, DOMENICO DI CORRATO and DOMINICA CARRATA, Deceased.

Surrogate's Court, Bronx County, March 8, 1939.

*Schulz & Williamson,* for James W. Brown, public administrator of Bronx county, as administrator *c. t. a.*

*Hardin, Hess & Eder* [*Monroe Collenburg* of counsel] for the Royal Italian Consul General at New York.

HENDERSON, S.  The accounting administrator with the will annexed seeks a construction of the decedent's will, which reads:

" I, Dominick Corrato, being of sane mind, do hereby state the following: To wit: That I am the sole owner of building #1297 Shakespeare Ave., N. Y. C. free and clear of all encumbrances, and its contents.  Also, I am the owner of about 231,000 lire in cash being now banked with the Banco Di Napoli Cassa Di Risparmio, Sede Di Napoli, in the name of Domenico Corrato, account #610.

" Also, owner of monies banked with Harlem Savings Bank, 157th St. & Broadway, New York City, under the name of Dominico Corrato, account #64642.

" Also, owner of monies banked with Harlem Savings Bank, 125th St. & Lexington Ave., N. Y. C., in the name of Domenico Di Corrato, account #467031.

" Also, owner of monies banked with Banco Di Napoli Trust Co., 353 E. 149th St., N. Y. C., in the name of Domenico Corrato, account #258.

" Be it known that at my death I wish the following to be performed:

" Mrs. Mathilde Sacco, now residing at 1297 Shakespeare Ave., N. Y. C., is to draw interest on all my possessions semi-annually during her entire life.

" Further, at the death of Mrs. Mathilde Sacco, above named, all my entire possessions are to become the ownership of my relatives, to be distributed in the following manner.

" Immacolata (Maria) Corrato, being my sister, is to become the owner of 20,000 lire.

" Utilia (Tillie) Corrato, being another of my sisters, is to become owner of 20,000 lire.

" Antonio Corrato, being my brother, is to become the owner of all the remainder of my possessions.

" The above named three relatives now reside in Sarno Provincia Di Salerno, Italy."

The testator died within four months after the execution of his will, survived by all the beneficiaries.  Mrs. Sacco has since died. His gross estate consists of the items set forth in his will.  The Italian bank account represents a deposit in the Italian Postal

Savings. It is not collectible by the petitioner but is distributable by the postal authorities of Italy. The net cash balance in the hands of the accountant exceeds the amount required to purchase 40,000 lire.

The word " possessions " is defined as " property in the aggregate; wealth " (Webster's New Int. Dict. [2d ed.]), and has been said to be applicable *prima facie* to both real and personal property where used as descriptive of the objects of testamentary gifts. (2 Schouler on Wills [6th ed.], § 1126, p. 1284.) In his will the testator describes his realty as one of the specified items of which he was then the " owner." In his directions for the distribution of his " possessions " he again used the word " owner " in connection with each beneficiary. It is apparent from the context of his will that to him " possessions " depended upon ownership, that his " possessions " included whatever realty was owned by him, and that he intended to dispose of his entire ownership. This interpretation complies with the canon of construction which prefers complete testamentary disposition to partial intestacy.

I hold that the testator intended to and did include his realty in each phrase wherein he used the word " possessions." The questions raised by the petitioner are determined as follows: Mrs. Sacco was given a life estate in both the realty and the personalty; the realty was devised to the testator's brother subject to such life interest and, if necessary, to the payment of any deficiency in the general legacies; there is no implied power of sale in the legal representative; the life tenant having died and the net funds now ready for distribution being sufficient to satisfy the general legacies, the brother's ownership of the realty is absolute; and the bequests of lire are general legacies payable out of the general estate.

Settle decree.