ELIZABETH MOUNT, Appellant, v. RICHARD H. MOUNT and Others, Respondents, Impleaded with CLARENCE M. DAVIS and Others, Appellants, and ST. MARY'S FREE HOSPITAL FOR CHILDREN, a Corporation, and Another, Defendants.

First Department, April 29, 1921.

Trusts — testamentary trust for life with provision for division of remainder into shares to be held in trust for lives of children of nephew then living is valid — children living at death of testatrix entitled to take — allowance of compensation to special guardian must be commensurate with work done.

Where a testatrix devised and bequeathed all her real and personal property to trustees in trust for the benefit of her sister during the term of her natural life, and further provided that after the death of her sister her executors or the survivor of them should divide the residuary estate, both real and personal, into as many shares of equal value as would make one for each of the children then living of her nephew, and one for the lawful issue collectively of each of the children of the nephew who may then have died leaving such issue, said shares to be held in trust for the lives of the children, such disposition of the testatrix's property is valid, notwithstanding subsequent life estates given to such children as might be born after the death of the testatrix would be void.

Inasmuch as there were no children born to the nephew after the death of the testatrix, the two children living at the death of the first beneficiary were each entitled to a life estate of one-half of the said trust fund.

The fact that an estate is large in amount warrants the allowance to a special guardian only of such sum as would represent a fair compensation for the work which he has done, although the amount involved is a fact to be considered in determining the allowance.

APPEAL by the plaintiff, Elizabeth Mount, and by the defendants, Clarence M. Davis and others, from parts of an interlocutory judgment, entered in the office of the clerk of the county of New York on the 7th day of December, 1920, on the decision of the court, rendered after a trial at the New York Special Term.

*William H. Hamilton* of counsel [*Norman C. Conklin* with him on the brief; *Hamilton & Freeman,* attorneys], for the appellants Elizabeth Mount and others.

*Samuel Crook* of counsel [*Crook & Carney,* attorneys], for the appellant Elizabeth Mount, as executrix, etc.

*Howard C. Taylor* of counsel [*Bauerdorf & Taylor,* attorneys], for the appellants Alice De Gray Desvernine and others.

*David B. Simpson,* for the appellants Davis and others.

*James A. O'Gorman* of counsel [*Lanman Crosby* with him on the brief; *Almuth C. Vandiver,* guardian ad litem; *Clarence J. Hand* and *Joseph M. Adrian, Jr.,* attorneys], for the respondents trustees and others.

*John M. Perry* of counsel [*Francis C. Nickerson* with him on the brief], for the respondent Elizabeth Jane Mount.

*Addison A. Van Tine,* for Helen R. Leslie, as executrix, etc.

SMITH, J.:

Charlotte A. Mount died in 1904 at the age of eighty years. She was never married. The trust provisions of the will in question are found in paragraphs 7 and 9 of the will and are as follows:

" *Seventh.* I give and devise to my executors the lot and building thereon known as No. 239 West Fourteenth Street in the City of New York, which they shall hold as trustees upon the following trust, viz: to collect and receive the rents thereof and, after paying therefrom taxes, insurance, repairs and charges of agency, to pay the net amount of such rents to Charlotte M. Rowley, during the period of her natural life. In case she should die leaving lawful issue her surviving such issue shall collectively take her share. In case the said Charlotte M. Rowley die without leaving lawful issue the said

premises 239 West Fourteenth Street shall become part of my residuary estate and be disposed of as directed in the Ninth clause of this my will."

" *Ninth.* I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal of what nature or kind soever and wheresoever situated, to my executors who shall qualify as such under the Thirteenth clause of this my will as trustees upon the following trusts: To lease and manage the real estate, to invest and reinvest the personal estate, to collect and receive the rents, interest and income of such real and personal estate, and to pay over to my sister Susan, the entire net amount of such rents, interest and income during the term of her natural life. Immediately after the death of my said sister, my said executors or the survivor of them as such trustees shall divide the said residuary estate (real and personal) into as many shares of equal value as will make one for each of the children then living of my nephew Richard H. Mount, and one for the lawful issue collectively of each of the children of my said nephew (if any) who may then have died leaving such issue, and shall set apart one of such shares to each child then living, and one to such issue collectively of each deceased child which shares shall be designated as the property of such parties respectively and my executors shall keep separate accounts of such respective shares.

" My said executors as such trustees shall pay over to the children of my said nephew if then of the age of twenty-five years, otherwise on their arriving at that age the net income of the shares so set apart to them respectively during the period of their respective lives, and after their deaths respectively they shall distribute and pay over such shares to the issue of such children respectively in equal portions *per stirpes.*

" My said executors and trustees shall pay over to and distribute among the issue of any deceased child or children of my said nephew who shall at the death of my said sister Susan, be of the age of twenty-five years, otherwise as soon as they respectively attain that age, their respective portions of the share so set apart to such issue collectively."

The 7th provision of the will is claimed to be void as to

all attempted disposition made after the death of Susan Mount. This was so found by the Special Term, and no question is made on this appeal as to that part of the judgment.

The Special Term has found that the 9th provision of the will constituted a valid disposition of the property of the testatrix, giving to the sister Susan a life estate under the will and giving further life estates to the two children of the nephew Richard H. Mount, who were living at the time of the death of the testatrix, no child having been born to the said nephew after her death, and further giving the ultimate remainder to the children of such life tenants. (See 108 Misc. Rep. 156.) As to the remainder interests so found, the questions arising thereon will be later discussed.

There is no question as to the life estate given to the sister Susan. The first question arising is as to the subsequent life estates given to the children of the nephew Richard H. Mount, who should be living at the death of the first life beneficiary, the sister Susan. The contention of the appellant is that the provisions for these second life estates is void *in toto*, because the will provided for such life estates to be given to the children of said nephew who should be living at the death of the life tenant, and, therefore, might include children who were not in being at the death of the testatrix. The Special Term held that at the death of the first life tenant the trust fund should be divided into as many shares as there were children of the said nephew living at the time of the death of the first life tenant, and that notwithstanding the subsequent life estates given to such children as might be born after the death of the testatrix would be void, nevertheless, the shares which would go under the will for life to such children as were in being at the time of the death of the testatrix passed as valid dispositions of the property of the testatrix. Inasmuch as there were no children born to the said Richard H. Mount after the death of the testatrix, the two children living at the death of the first life beneficiary, Susan, were each held to be entitled to a life estate in one-half of the said trust fund.

This will has been before the court in an action brought before the death of the life tenant, Susan, and was construed by the Court of Appeals in *Matter of Mount* (185 N. Y. 162). That was

an appeal from an affirmance by this court (107 App. Div. 1) of the decree of the surrogate, who refused to pass upon questions that might or might not arise after the death of Susan Mount, the first life beneficiary. Judge CULLEN, then chief judge of the Court of Appeals, in writing, however, discussed the will and stated his interpretation thereof in a carefully considered opinion which was concurred in by all of the court. The decision of the Special Term is in accord with the conclusions reached by Judge CULLEN in his opinion in that case, and with the conclusions reached we are also in full accord.

The appellant's counsel concedes upon this argument that if the rule of interpretation stated by Judge CULLEN properly interprets the law as applicable to this will, the appellant has no standing to reverse the findings of the trial court, giving to the two children of Richard H. Mount each a life interest in one-half of the trust fund after the death of Susan. The claim, however, of the appellant is that the rule of construction stated by the Court of Appeals upon the former appeal has been overruled in subsequent cases, especially in *Matter of Wilcox* (194 N. Y. 288), wherein Judge CULLEN himself wrote the opinion. I have examined this case and the other cases cited by the appellant's counsel to sustain his contention. I do not find that the rule of construction as stated by the Court of Appeals in the matter before the court upon the former appeal has been in any way changed by any subsequent decisions, and our decision in affirming the judgment upon this question may well stand upon the construction of the will given by the Court of Appeals upon the former appeal.

In this case, however, the Special Term has gone further and has held that there were ultimate contingent remainders in the corpus of the trust fund as between the issue of Edward and Harold, the two nephews of Richard H. Mount. This holding is found in the 8th, 9th and 11th paragraphs of the judgment. It is doubtful if this holding be authorized under the terms of the will. Both of said children have now living heirs. After the death of Susan Mount the fund was required to be divided into as many parts as there were children of Richard H. Mount living at the death of Susan. A life estate was then given in one of those parts to each nephew and the

remainder given to the children of said nephew. There is no provision in the will which provides that for failure of children either part shall pass to the children of the other life beneficiary. If either one of these second life beneficiaries should die without children without any provision as to any alternative disposition of the said trust fund, whether that property would become property undisposed of by the will and pass to the next of kin of the testatrix, or whether such interest would pass to the next of kin of such child is a question that has not yet arisen, and may never arise, and can be determined when, if ever, that contingency may arise.

In my judgment, therefore, the decree should be modified so as to strike therefrom paragraphs 8th, 9th and 11th without prejudice to the rights of any party interested when the question arises to ask for a determination of the rights of the parties in case of the death of either one of said second life beneficiaries without children surviving.

The appeal further challenges the allowance to Leslie as special guardian of the sum of $10,000. We are of opinion that there is no justification for so large an allowance. The fact that the estate is large in amount gives warrant for the allowance to a special guardian only of such sum as would represent a fair compensation for the work which he has done, although the amount involved is a fact to be considered in determining that allowance. We are of opinion that $2,500 would be full compensation to this guardian and the decree should be further modified accordingly. The decree should also allow to the special guardian Perry the sum of $250.

The judgment, as thus modified, should be affirmed, with costs from the fund to all parties presenting briefs upon this appeal.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Judgment modified as directed in opinion, and as so modified affirmed, with costs to all parties presenting briefs upon this appeal payable out of the fund. Settle order on notice.