a certain drilling device with a torch attached to it.
It was alleged that while the infant plaintiff was being
wheeled across the car tracks on the north crosswalk,
and while on the north-bound tracks, one of the defend-
ant's employees operating the aforementioned torch and
drilling machine, suddenly without warning caused the
same to start, causing sparks to fly around, one of which
entered the left eye of the child, causing the loss of sight of
his said eye.

*Alfred T. Davison* and *E. Crosby Kindleberger* for
appellant.

*Milton Speiser* and *Joseph Speiser* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND,
MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

ELIZABETH MOUNT, Appellant, *v.* RICHARD H. MOUNT
et al., Respondents, and CLARENCE M. DAVIS et al.,
Appellants.

*Will — construction — objection that provisions of will violated statute
against perpetuities.*

*Mount* v. *Mount*, 196 App. Div. 508, affirmed.

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered December 21, 1921, which modified and affirmed
as modified a judgment entered upon a decision of the
court on trial at Special Term construing the will of
Charlotte A. Mount, deceased. Testatrix by the seventh
clause of her will devised certain real property to trustees
to pay the income to a named beneficiary during her
life with remainder to her issue, if any, and if she died
without issue the property to pass under the residuary
clause of her will. By said residuary clause she gave the
residue of her estate to trustees to pay the income to
her sister Susan during her life and upon her death
divide the principal into as many parts as would make
one for each of the living children of her nephew and

one for the collective issue of each child that may be dead leaving issue, the income from the shares of the living children to be paid to them and the principal distributed to their issue upon their death and directing distribution of the principal of the shares assigned to issue of children that might be dead amongst said children upon their attaining the age of twenty-five years. At the death of testatrix the nephew had two children living, both of whom survive, and two children were thereafter born to him. The court held that the seventh clause was invalid as to all attempted disposition made after the death of the sister Susan and that under the ninth clause the two children of the nephew were each entitled to a life estate in one-half of the trust fund. (See 185 N. Y. 162.)

*William H. Hamilton* and *Norman C. Conklin* for plaintiff, appellant.

*David B. Simpson* for Clarence M. Davis et al., defendants, appellants.

*Samuel Crook* for Elizabeth Mount, as executrix of Maria L. Mount, deceased, defendant, appellant.

*Howard C. Taylor* for Alice DeGray Desvernine et al., defendants, appellants.

*James A. O'Gorman, Lanman Crosby* and *Almuth C. Vandiver* for Frances DeG. Mount et al., respondents.

*Clarence J. Hand* and *Joseph M. Adrian* for trustees of Charlotte A. Mount, deceased, respondents.

*John M. Perry* for Elizabeth J. Mount, respondent.

*Addison A. Van Tine* for Helen R. Leslie, as executrix of Charles J. Leslie, deceased, respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.