In the Matter of the Accounting of GEORGE W. BAHREN-
BURG, as Successor Trustee under the Will of JOHN
BAHRENBURG, Deceased, Respondent. ·

ANNA BAHRENBURG, Appellant; FLORENCE L. LESLIE,
Respondent.

*Will — trust — validity of provision that on death of life tenant, if*
*youngest living child shall have arrived or as soon as he does arrive*
*at twenty-one, estate should be distributed amongst living children*
*and issue of any that may be dead.*

*Matter of Bahrenburg,* 214 App. Div. 792, affirmed.

(Argued January 11, 1927; decided January 25, 1927.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial
department, entered June 12, 1925, which unanimously
affirmed a decree of the Kings County Surrogate's Court
construing the will of John Bahrenburg, deceased, and
directing distribution of his estate. It was claimed that
the following provision of the will was violative of the
statute against perpetuities and void: " Upon the death
of my said wife or upon my said wife marrying again,
if any youngest child then living shall have arrived at the
age of twenty-one years, or as soon after the happening
of either of said events as my youngest child then living
shall arrive at the age of twenty-one years I direct that
my said trustees shall convey all the remaining part of
my estate, hereinbefore conveyed to them, together with
any income of the same remaining in their hands, share
and share alike among my children then surviving and
the issue of any child who may have then deceased, such
issue taking the share to which such deceased child would
be entitled if living." The surrogate held that the term
of the trust set up by the will was not violative of the
statute against perpetuities; that the residuary estate
should be distributed to and among the children of the
testator living at the death of his widow, and the issue
of any children who may have predeceased the testator
36

Prepared by State Reporter from Appeal Papers

and the widow; and that the appellant, as the sole legatee and devisee of William H. Bahrenburg, a son who survived testator but died without issue before the death of the widow, was not entitled to share in the distribution.

*Charles W. Philipbar* for appellant.
*Andrew F. Van Thun, Jr.,* for trustee, respondent.
*Thomas Kelby* for Florence L. Leslie, respondent.

Order affirmed, with costs; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: KELLOGG, J.

---

WILLIAM ROSENSTEIN, Appellant, *v.* SAMUEL SCHNEIDER-MAN, Respondent.

*Appeal — order of Appellate Division affirming order dismissing complaint on ground it did not state cause of action — appeal to Court of Appeals without permission dismissed.*

*Rosenstein* v. *Schneiderman,* 216 App. Div. 849, appeal dismissed. (Argued January 11, 1927; decided January 25, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 21, 1926, which affirmed an order of the Kings County Court granting a motion for a dismissal of the complaint on the ground that upon the face thereof it did not state facts sufficient to constitute a cause of action.

*Charles Berlin, Robert B. Wilkes* and *Emanuel Rosenstein* for appellant.
*Walter M. Effross* for respondent.

Appeal dismissed, with costs; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: KELLOGG, J.