In the Matter of the Intermediate Account of NATHAN J. RICHMAN, as Sole Surviving Trustee, and of GERTRUDE S. FIXMAN, as Executrix of EDMUND J. FIXMAN, Deceased, a Deceased Trustee, under the Will of CLARA R. TRISCHETT, Deceased.

Surrogate's Court, Westchester County, February 21, 1945.

*Norman S. Nemser* for petitioners.

*William S. Bennett,* special guardian for Albert T. Trischett, an infant. .

*William S. Coffey,* special guardian for Donald S. Trischett, an infant.

GRIFFITHS, S.   In this accounting proceeding the sole surviving trustee has applied for permission to resign and for the appointment of a successor trustee.   Although the relief requested is not opposed and sufficient grounds exist for permitting such resignation, the request for the appointment of a successor trustee necessarily involves a determination as to whether the duration of any trust was intended to be continued after the death of a son of the testatrix and, if so, as to the validity of any trust or trusts sought to be created under article " Tenth " of the will.

The testatrix died on April 9, 1932, survived by a son as her sole distributee.   Her will is dated March 16, 1932, and was admitted to probate in this court on April 27, 1932.   The son of decedent died on May 21, 1944, survived by three sons.   One of the two children, born during the lifetime of the testatrix, is still an infant.   The third child having been born on April 18, 1933, more than a year after the death of testatrix, the court may take judicial notice that said child was not in being at the death of testatrix.   (*Matter of Wells,* 129 Misc. 447.)

After providing for specific bequests and pecuniary legacies, including a gift of $50,000 to her son, testatrix devised and bequeathed her entire residuary estate by article " Tenth " of the will, which reads as follows: " TENTH: I give, devise and bequeath to my Trustees, hereinafter named, all the rest, residue and remainder of my property, real and personal, of whatsoever kind or wheresoever the same may be situated, to hold the same upon the following Trust: To invest and reinvest the same; to collect the rents, issues and profits arising therefrom and to pay over the net income to my said son, S. SEYMOUR TRISCHETT, during his lifetime.

" Upon the death of my said son, S. SEYMOUR TRISCHETT, I direct that the said residue shall be divided into as many equal portions or shares as there may be children of my said son him surviving, and to hold each of said portions or shares upon the following Trust: To invest and reinvest the same; to collect the rents, issues and profits arising therefrom and to apply so much of the net income as may be necessary, for the maintenance, education and support of each of the said children, until each of the said children shall have reached the age of 25 years. Upon such child reaching the age of 25 years, I direct my Trustees to pay over to him or her one-half ($\frac{1}{2}$) of the share or portion, or as nearly so as may be, held in trust for the benefit of such child; and upon such child reaching the age of 30 years, I direct my Trustees to pay over to him or her the balance of·

the share or portion held in trust for the benefit of such child, with any and all accumulations thereunto belonging.

"In case any of the children of my said son shall die prior to the time of the termination of the trust created for the benefit of such child, I direct that such portion of the fund, as to which the trust has not terminated, shall be paid over to the children of the child so dying in equal shares per stirpes.

"In case any of the children of my said son shall die prior to the time of the termination of the trust created for the benefit of such child, without issue, I direct that such portion of the fund, as to which the trust has not terminated, shall be paid over to the brothers and/or sisters of the child so dying, in equal shares."

The parties concede that a trust was created to continue during the life of the son and its validity is not disputed. In order to establish the invalidity of the trust for the son it would have to be shown that its provisions offended the statute in a contingency so vital to the purpose of the creator that her plan in its entirety was void. (*Looram* v. *Looram,* 269 N. Y. 296.) Under accepted principles of judicial salvage, the valid trust for the son may therefore be preserved. (*Matter of Trevor,* 239 N. Y. 6.)

Although the only adult beneficiaries under the will of the son who would profit thereby have failed to assert the invalidity of any of the trust provisions, the court is not thereby precluded from adjudicating any existing invalidity. (*Carrier* v. *Carrier,* 226 N. Y. 114, 122, 123.) The validity of the trust provisions depends upon the apparent intent of the testatrix. If she intended that the trust was to terminate on her son's death and that the estate should vest, either at her death or at the death of her son, in her son's children, the disposition would be valid. An estate which must vest at the expiration of one life, even though it vest in a person not in being at the death of the testator, does not violate the statute against the remoteness of vesting. (*Purdy et al.* v. *Hoyt et al.,* 92 N. Y. 446.) The provisions might also be upheld if it were intended to create separate trusts each to be measured by the life of the son and by the life of each of his surviving children in being at the death of testatrix. (*Matter of Mount,* 185 N. Y. 162; *Mount* v. *Mount,* 234 N. Y. 568.)

In behalf of the after-born child it is urged that under the rule enunciated in *Fulton Trust Co.* v. *Phillips* (218 N. Y. 573), the will may be construed as creating a vested interest in all three grandchildren upon the death of the son. *Fulton Trust Co.* v. *Phillips* (*supra*) is authority for the rule that futurity is not

necessarily annexed to the substance of the gift by a direction for division into shares with a provision for payment to persons in being upon attaining their majorities, and that the absence of any alternative provision for the disposition of the remainder interest either by gift over or provisions for survivorship, is indicative of an intent that the gift is vested and not contingent. There was presented therein the issue as to whether the remainder interest was contingent and the testatrix died intestate as to such remainder interest by reason of the deaths of two children of the life beneficiary without issue, after attaining their majorities, but prior to the death of the primary beneficiary. Although not controlling, the provisions of the will herein contain no words of present gift but only a direction for a division upon the death of the son among his children then surviving and a provision for payment only upon such child attaining the prescribed age. It is significant, however, that there are alternative provisions for gifts over to the surviving issue as to the share of any child not attaining the prescribed age, and to the surviving brothers and sisters of any child dying without issue who fails to attain such age. No provision is made for the benefit of a grandchild of the testatrix who dies prior to the death of her son. An indication of intent that any trusts were to continue after the death of the son and until each grandchild had attained the prescribed age or sooner died is also found in the alternative dispositions as to a child of her son dying " prior to the time of the termination of the trust created for the benefit of such child " directing that " such portion of the fund, as to which the trust has not terminated " should be disposed of as therein provided. Had the testatrix omitted to include provision for the continuance of the trust and for the payment of income on each share of such grandchild, such failure might be regarded as strong evidence against an intention that the ownership should be suspended during that period of time. (*Matter of Eveland,* 284 N. Y. 64; *Quade v. Bertsch,* 65 App. Div. 600, affd. 173 N. Y. 615.) Although the predominant function of the court is to carry out or preserve insofar as possible the intent of the testator in declaring such intention the courts are limited to the words which the testator has used in the will. (*Matter of Durand,* 250 N. Y. 45.) For the reasons hereinabove set forth, the court finds that it was the intent of the testatrix that the trust should continue during a portion of the lives of the children of her son and that the remainder to said grandchildren was designed to be contingent upon such children attaining the prescribed ages.

Having concluded that the trust term was to continue beyond the life of the son of testatrix, it is necessary to determine the validity of any secondary trust. The absolute ownership of the property which would otherwise pass under the secondary trust would be suspended if the estate were to vest in trustees. (*Wilber* v. *Wilber,* 165 N. Y. 451.) An entire estate may be held in trust for one beneficiary for his life and on his death then may be divided in shares and held in trust for a second separate life. (*Moore v. Hegeman et al.,* 72 N. Y. 376; *Wells et al.* v. *Wells et al.,* 88 N. Y. 323; *Vanderpoel* v. *Loew et al.,* 112 N. Y. 167; *Matter of Mount,* 185 N. Y. 162, *supra.*) It is well settled, however, that a trust may not be measured by the life of a person not in being at the death of the testator. (*Seitz* v. *Faversham,* 205 N. Y. 197.) And it is a familiar canon of construction that if the will is susceptible of two or more interpretations, the court should prefer the one which will sustain its validity to that which will defeat it. (*Matter of Gallien,* 247 N. Y. 195.) In ascertaining whether it was the intent of the testatrix that upon the death of her son the trust was to continue during the life of only grandchildren in being at her death, the language of the will is clear that upon the death of the son the residue was to be divided into as many shares as there were children of her son *then surviving him.* The class then was to be determined at the death of the son, which would necessarily include any child surviving him whether born before or after the death of the testatrix. The time fixed for division is the date of death of the son. That the benefits were to be conferred upon those answering the description at that time is confirmed by the absence of provision for any child of her son who failed to survive her said son, whether with or without issue. I am therefore of the opinion that the will must be construed to include as a beneficiary of any secondary trusts a person or persons not in being at the death of testatrix, and such trust term therefore would be measured by the life or part of a life of each after-born child. The attempted continuance of any fractional share in trust for a term measured by the life of any child not in being at the death of testatrix is accordingly invalid.

There remains for consideration the question as to whether the invalidity of the trust for the after-born child is such an integral part of the general testamentary scheme that it affects the validity of the trusts for the grandchildren in being at the death of the testatrix. If the primary purpose were the creation of a single trust to continue during a life or lives in being during the life of a child born after the death of the testatrix, the entire

trust would be void. (*Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Leach* v. *Gardner*, 198 N. Y. 35.) If the primary purpose contemplated a division into separate shares upon the death of decedent, the secondary trusts to the extent that each was measured by the life of a grandchild in being at the death of the testatrix, might be upheld (*Matter of Colegrove*, 221 N. Y. 455), unless it were found that the testatrix intended to provide for all her grandchildren equally. (*Matter of Durand*, 250 N. Y. 45, *supra.*) The apparent purpose importing division rather than unity for its attainment may be accomplished by treating each share as having a separate existence from the beginning. (*Matter of Horner*, 237 N. Y. 489.) As so viewed there is here no direction that if all of the secondary trusts may not be sustained all must fail. The testatrix did not intend that all grandchildren should share equally, for no provision was made for the setting apart of a share for any grandchild who predeceased her son even though such grandchild were survived by issue. And although the testatrix doubtless must have contemplated equality of division among all within the class, must the remaining trusts fail if complete equality among all three grandchildren cannot be achieved? The invalid portions of a trust will be excised leaving the valid part unaffected whenever this may be done without violating the testator's primary intention. (*Matter of Colegrove*, *supra*; *Matter of Hitchcock*, 222 N. Y. 57; *Matter of Horner*, *supra*; *Matter of Trevor*, 239 N. Y. 6, *supra*; *Matter of Lyons*, 271 N. Y. 204.) But the offending provision may not be excised unless its function is separate and its importance subordinate. (*Matter of Horner*, *supra*.) The court may not therefore separate what is valid from that which is not, when the challenged provisions offend the statute in a contingency so vital to the purpose of its creator that his plan in its entirety is void. (*Looram* v. *Looram*, 269 N. Y. 296, *supra*.)

In *Matter of Mount* (185 N. Y. 162, *supra*) the testatrix devised her residuary estate to trustees to pay the income to a named sister during her life. Upon her death the residuary was directed to be divided into as many shares of equal value as there were then living children of a named nephew and the lawful issue collectively of the issue of any deceased child, and the income on each share to be paid during their lives, and upon their deaths to the issue of such child, per stirpes. The court there upheld the validity of the trusts for the benefit of the children of the nephew living at the death of the testatrix, notwithstanding its express acknowledgment that any invalidity as to the disposition in favor of after-born children would have

reduced the amount of the share held in trust for children living at the death of the testatrix. It is well settled that the validity of a trust and the question whether testamentary dispositions contravene the statute forbidding the suspension of the absolute ownership of personal property for more than two lives in being depend not upon what has happened since the death of the testator, but what might have happened. (*Matter of Mount, supra*; *Matter of Hitchcock, supra*; *Matter of Horner, supra*.) The court indicated in *Matter of Horner* (*supra*, p. 503) that its ruling in *Matter of Mount* (*supra*) "went to the verge of permissible excision." However, the rule laid down in *Matter of Mount* (*supra*) does not appear to have been overruled by the later decisions of the Court of Appeals in *Matter of Wilcox* (194 N. Y. 288) or *Matter of Horner* (*supra*). In *Matter of Durand* (250 N. Y. 45, *supra*), the will directed a division into shares to be continued in trust for each child of a son, including a share for the issue of any such child who predeceased said son. It was there determined that the offending provisions could not be severed upon the finding that the testator desired to provide for all his grandchildren equally, all the parties being agreed before the Surrogate that the secondary trust was void. But excision defeating a contemplated equality has been ordered and the remainder preserved upon a finding that the testamentary intent was not thereby perverted or deformed beyond recognition. (*Matter of Lyons*, 271 N. Y. 204, *supra*.) Although the attempted trust for such after-born child is invalid, it is not apparent that the testatrix intended that all secondary trusts should fail if complete equality could not be accomplished. A provision for division into shares among a class whose members may increase necessarily imports the possibility of proportionate diminution in the amount of the share of each. The testamentary plan may here be preserved more closely and intestacy as to the entire residue avoided by sustaining the validity of both of the remaining trusts. As any gift which has failed is contained in the residuary clause of the will it may not augment any valid portion of the residuary disposition. (*Wright* v. *Wright*, 225 N. Y. 329.)

The court accordingly determines that the attempted trust to include such after-born child is invalid, and that the testatrix died intestate as to one third of her residuary estate, but that the trusts for both children in being at the death of the testatrix, each consisting of one third of the residuary estate, may be sustained.

As to the two valid secondary trusts, the directions for accumulation after each child attains his majority are clearly invalid. (Personal Property Law, § 16.)  Any accumulated income is accordingly payable to such child as he attains his majority and all income accruing on each share thereafter is payable to such child.  (*Morris* v. *Morris*, 272 N. Y. 110; *Hawthorne* v. *Smith*, 273 N. Y. 291.)

Settle the account as filed, construing the will as hereinabove determined, permitting the sole surviving trustee to resign and providing for the appointment of a successor trustee.