In the Matter of the Accounting of EVERETT STEIN et al., as Executors of ABRAHAM WERBELOVSKY, Deceased.

Surrogate's Court, Kings County, March 12, 1948.

*Jaffa & Silverman* for executors.

*Milton M. Eisenberg* and *Ralph Weller* for Miriam Goldberger and another, respondents.

*Albert Martin Cohen,* special guardian for Theresa Grossman, an infant.

McGAREY, S. Questions of fact have been raised by the pleadings and moving papers which cannot be determined without a hearing. However, for the guidance of the parties and as an indication of the scope of the hearing the court will rule on such of the controverted issues as may be determined purely on questions of law.

The phrase " net rents, income and profits thereof " means income only (*Matter of Baxter,* 164 Misc. 183, affd. 250 App. Div. 701, affd. 275 N. Y. 614).

As there has been no demonstration that the trustees have been conducting the operations of the corporation so as to result in undue advantage to themselves and to the detriment of others in interest the court will not interfere with the ordinary business discretion of the trustees in dissolving the corporation.

The solution of the problem as to whether a reserve for depreciation may be chargeable to income will require an examination of the charter and of the powers of the corporation to determine whether the principles of estate and corporate law conflict. This court has indicated in *Matter of Horowitz* (192 Misc. 556) its belief that it would be proper to charge current rental income with a charge for deferred maintenance and repairs, whether it be called depreciation reserve or something else.

Every testamentary trustee has a dual obligation to preserve the principal and to distribute income. Anything which reduces the principal account also adversely affects the income beneficiary. The rental income of real property is properly chargeable with current charges and should be chargeable with any amount necessary to preserve the physical structures, whether currently expended or deferred. Charges which are necessary for such purpose should not be made in one year when, in fact,

the repair or replacement is required as the result of more than one year's wear, tear or use. If the charges were only made in the year when the repair or replacement takes place, the income received by the beneficiary would be subjected to wide, unpredictable and unreasonable fluctuations.

This court realizes and recognizes that there are some decisions which indicate that trustees are not required to provide a depreciation but it also believes that the principles stated should not be extended in their application beyond the factual situations existing in the particular case. It further feels that *Matter of Chapman* (32 Misc. 187, affd. 59 App. Div. 624, affd. 167 N. Y. 619) and *Smith* v. *Keteltas* (62 App. Div. 174) are clearly distinguishable and do not say that a depreciation charge can or should not be made generally.

It does not appear from the record that the present case is an exception to the general rule that the natural increase in the value of the corpus of the trust estate remains principal. However, an opportunity will be granted on the hearing to demonstrate whether or not this trust constitutes an exception to the general rule such as was found to exist in *Matter of Jackson* (258 N. Y. 281), *Matter of Enz* (204 App. Div. 634, affd. 237 N. Y. 577) and *Matter of Langdon* (139 Misc. 379).

Finally whether the fiduciaries have a surplus and if they have whether they should be directed to declare a dividend remains a question of fact which will depend on the factual demonstration made at the hearing.

This matter will be placed on the calendar for the April Term for hearing.

Proceed accordingly.