In a proceeding for settlement of the account of peti *907 tioner, a testamentary trustee under the will of Alfred Skitt, deceased, and foi judicial construction of the provisions of said will and codicils thereto with respect to the testator’s residuary estate, certain of the respondents appeal from so much of the decree of said court as construes said provisions and directs distribution, and retention in trust, of portions of the residuary estate, in accordance with such construction. Appellants are, respectively, the executor of, and the two surviving children of Jessie M. Robins, deceased, who was one of testator’s two children. Testator provided in his will that each of his children, both of whom were daughters, should have a life estate in trust in one half of his residuary estate, which consisted of personal property. Upon the death of either daughter, he provided that the principal of the trust for such daughter was to be divided into “ as many equal shares as my said daughter shall leave children her surviving, and issue of any child who shall have died before her ”, each such share to be held, in trust during the lifetime of the grandchild concerned, with the remainder to his or her issue, or to be paid to the issue of a grandchild who predeceased his or her mother, leaving issue. Testator executed his will in 1923, a codicil in the same year, and a second codicil, ratifying and confirming the will and first codicil, in 1936. He died in 1939. In 1923 his daughters were fifty-two and forty-nine years of age, respectively. Bach then had several children, the youngest having been bom in 1910. .The daughters were aged sixty-five and sixty-two, respectively, when testator executed the second codicil, which had the effect of re-execution and republication of his will as of that time. (Matter of Hr arm, 219 N. Y. 263; Matter of Greenberg, 261 N. Y. 474.) No grandchildren of testator were bom after 1910. Appellants contended that each of the trusts was invalid, in that the trust term might be measured in part by the life of a person not in being at testator’s death, i.e., a grandchild born thereafter, and that intestacy should be decreed as to the entire residuary estate. The Surrogate, construing the language of the trust provisions, considered the ages of testator’s daughters on the dates mentioned, and determined that testator intended to limit the continuance of each secondary trust during the life of a grandchild born during testator’s lifetime. He therefore directed disposition of the Jessie M. Robins trust fund according to the provisions of the will and codicils. Testator’s other daughter, primary life beneficiary of the other trust fund, is living. Decree of the Surrogate’s Court, Westchester County, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. In our opinion the Surrogate properly construed the language of the will in accordance with the intent of testator at the times of execution of the will and codicils. (Cf. Seitz v. Faversham, 205 N. Y. 197.) In any event, in our opinion, invalidity of the trust provisions, insofar as they might be held to be for the benefit of grandchildren bom after the death of testator, would not render the remaining provisions invalid nor result in intestacy as to the entire residuary estate. (Matter of Mount, 185 N. Y. 162; Mount v. Mount, 196 App. Div. 508, affd. 234 N. Y. 568; Matter of Trisehett, 184 Mise. 599, affd. 270 App. Div. 767, leave to appeal denied, 295 N. Y. 993.) Present- — -Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ.