Maximilian Moss, S.
As an incident to a successor trustee’s accounting a construction is sought of article “ Ninth ” of the will to determine the validity of a secondary trust created thereunder, and if invalidity be found, the manner of disposition of the trust corpus.
The testatrix died on April 29,1914 leaving a will dated June 5, 1911. By the terms of the article to be construed the income of the trust was payable to Carrie W. Dikeman during her life “ and upon her death to be continued to any child or children born of her and to be shared equally by each so surviving child of said Carrie W. Dikeman and upon the death of the herein said child or children, said principal sum to be divided equally between the Methodist Episcopal Hospital and the Brooklyn Episcopal Church Home, both of the Borough of Brooklyn, New York City.” One of the charities contends that the secondary trust is invalid and seeks to have its remainder accelerated, while the other has no objection to a construction which would create a trust for the only child of Carrie W. Dikeman who was born some years prior to the will’s execution and who survived her mother.
The provision of the will has been carried out as to the life interest of Carrie W. Dikeman. It is contended that invalidity inheres in the attempted extension of the secondary share by the creation of the alternative or substitutional gift to “ any child or children ”. The article of the will presents a problem not unlike that submitted in Matter of Mount, (185 N. Y. 162) where a provision of the will required the trustees ‘ ‘ to divide the residuary estate into as many shares of equal value as will make one for each of the children then living of my nephew * * * and to such issue collectively of each deceased child The legality of such a provision was set at rest in said case by Chief Judge Cullen, who stated at page 170: “ But we do not see how the invalidity of the testamentary disposition in favor of such after-born children can affect the legality of the trust in favor of the existing children ”. (Matter of Meffert, 77 N. Y. S. 2d 241; Matter of Trischett, 184 Misc. 599, affd. 270 App. Div. 767.)
As the court finds a clear intent on the part of testatrix to benefit the daughter of Carrie W. Dikeman by the secondary life interest, it will adopt a construction which will give effect to such intent rather than one which would defeat the testatrix’ *871 intent. Where a disposition is capable of two possible constructions the one sustaining a valid disposition will be preferred (Seitz v. Faversham, 205 N. Y. 197; Matter of Tamargo, 220 N. Y. 225).
The court finds that the trust continued for the life of Clara W. Cummings, the only child of Carrie W. Dikeman; that the said trust is measured by the lives of both Carrie W. Dikeman and her child who were then in being and were the intended recipients of consecutive life estates. Accordingly, the provisions of the secondary trust in article “Ninth” is declared valid for the benefit of the daughter of Carrie W. Dikeman and the will is so construed.
Settle decree on notice.